

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CASE NO. 1:14-CR-91(3)** |
| § | |
| **FELICIA NICOLE ARDOIN** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Felicia Nicole Ardoin, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone of the Eastern District of Texas. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #176) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on March 6, 2019, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of her supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.  That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On April 30, 2015, The Honorable Marcia A. Crone sentenced the defendant after she pled guilty to the offense of conspiracy to make, utter, or possess counterfeited securities, a Class D felony. Judge Crone sentenced Ms. Ardoin to 15 months imprisonment, followed by 3 years supervised release, subject to the standard conditions of release plus special conditions to include financial disclosure, no new credit, the defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; $8,101.11 in restitution and a $100 fine. On July 15, 2016, Felicia Nicole Ardoin completed her period of imprisonment and began service of the supervision term.

On August 8, 2016, Judge Crone amended Ms. Ardoin's conditions of supervised release were amended to include drug aftercare. The Court modified the conditions of release again on

2

June 4, 2018, to include 180-day placement into a residential reentry program.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following mandatory condition of release:

*The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.*

Specifically, the petition alleges that on July 18, 2016; November 28, 2016; May 29, 2018; and February 13, 2019; Ms. Ardoin submitted urine specimens to the United States Probation Office that were positive for cocaine.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegations in the petition to revoke. If the case proceeded to a final contested revocation hearing, the Government would present testimony establishing that on July 18, 2016; November 28, 2016; May 29, 2018; and February 13, 2019; Ms. Ardoin submitted urine specimens to the United States Probation Office for testing. Those specimens were submitted to the Alere laboratory for testing. The written results from Alere show that Ms. Ardoin's specimens submitted on the dates set forth herein all yielded positive results for cocaine metabolite.

Defendant, Felicia Nicole Ardoin, offered a plea of true to the allegations. Specifically, she agreed with the evidence summarized above and pled true to the allegation that she used a controlled substance in violation of her supervision conditions.

3

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of her supervised release by using controlled substances. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of I and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class D felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

4

*also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant committed a Grade C violation of her supervision conditions by using a controlled substance. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived her right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Felicia Ardoin, to serve a term of four **(4) months imprisonment**, with no further term of supervision. The Court also recommends placement in the Federal Prison Camp (FPC) in Bryan, Texas, for service of the prison term, if possible.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See*

*Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of March, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE